## Commonwealth, Appellant, v. Miller.

*Criminal law—Cutting trees on highway—Abutting owner—Act of April 1, 1909.*

1. The employees of an electric company authorized by a borough council to cut the branches of trees on a borough street, which might obstruct their work in stringing electric wires, cannot be convicted under the Act of April 1, 1909, P. L. 97, entitled "an act to protect trees growing by the roadsides and within the road limits, and providing a penalty for the unlawful killing, removal of, or injury to the same," where the information is made on the complaint of a person who is owner of land on the side of the road opposite to the land on which the injured trees were growing, and who had no interest or title in such land.

Argued March 7, 1911. Appeal, No. 14, March T., 1911, by the Commonwealth, from order of Q. S. Lackawanna Co., May T., 1910, No. 173, reversing judgment of a justice of the peace in case of Commonwealth v. Charles Miller and Fred Scott. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from summary conviction before a justice of the peace.

The opinion of the Superior Court states the case.

*Error assigned* was in reversing the judgment of the justice of the peace.

*Thomas P. Duffy*, with him *David J. Reedy*, assistant district attorney, for appellant.—Under the Act of as-

sembly of April 1, 1909, P. L. 97, it is not necessary for the complainant to be an abutting property owner on the street, but the complaint may be made upon affidavit of any person, and the term abutting property owner refers only to the securing of the consent or agreement of an abutting property owner by the authorities before they may cut or remove or injure trees; and the second section of the act does not govern in this case.

*James J. O'Malley,* for appellees, cited: Mansfield's Case, 22 Pa. Superior Ct. 224; Com. v. House of Correction, 26 Pa. C. C. Rep. 378; Com. v. Nesbit, 34 Pa. 398; Cohen v. Cleveland, 43 Ohio St. 190 (1 N. E. Repr. 589); Bucher v. Com., 103 Pa. 528.

OPINION BY ORLADY, J., July 13, 1911:

The defendants were found guilty before a justice of the peace for injuring and destroying trees growing along the roadside, and within the road limit, on Main street, in Archbald. The information was made on the complaint of Mrs. Mary Beck, who alleged that she was an abutting property owner. The defendants were employees of an electric company, which was authorized by a formal action of the borough council to erect poles and string wires along the east side of North Main street "and for that purpose to remove or cut any branch of any of the borough shade trees, along the route, which may obstruct the work."

After allowance of an appeal by the court of quarter sessions, and a hearing, the judgment of the magistrate was reversed, and the defendants were discharged.

The Act in question (April 1, 1909, P. L. 97) is entitled: "An Act to protect trees growing by the roadsides and within the road limits; and providing a penalty for the unlawful killing, removal of, or injury to the same." It is to be regretted that the manifest intention of the legislature was not more aptly expressed. The manner of procedure, the court to exercise jurisdiction in such a case,

the location of the trees to be protected, the character of
their ownership, is left in an unfortunate and ambiguous
condition.   So far as the merits of this particular case are
concerned, it turns on the construction to be given the
second section of the act, which is as follows:

, "Whenever any public highway running through im-
proved or cultivated lands, in this commonwealth, has
been opened, and there shall be growing along the road-
sides, and within the road limits, shrubs, or trees not inter-
fering with public travel, no board of supervisors or road
masters, or other persons in their employ, shall remove,
cut, injure, or destroy, or in any other manner interfere
with, such shrubs or trees, unless said removal or cutting
shall be absolutely necessary for the purpose of maintain-
ing the highway at its best and highest efficiency; and,
then, not until the abutting property owners shall have
received notice thereof, and an agreement shall have been
entered into between the local highway authorities and
the abutting property owners relating to the removal, ,
cutting, or interference with said trees.   If the said parties
shall be unable to arrive at an agreement in respect thereto,
the same shall be referred to a judge of the proper court, as
aforesaid."

Mrs. Beck is the owner of the property on the westerly
side of the road, the width of which is not given, and there
is no suggestion that she has any interest, direct or in-
direct, in the land or the property on the opposite side of
the road from her residence, at the place where the trees
in question are located, nor does it appear who is the owner
of that property on the easterly side of the road.   Seven-
teen of these trees, which were within the road limit on
Main street, were mutilated and practically destroyed by
having forty feet of the upper part cut off and removed.
By whom planted, for what purpose, their character, or
the owner of the abutting property does not appear.   Con-
fusing and obscure as the legislation is, there can be noth-
ing uncertain about the term abutting property owner,
who is defined (Bouvier), as one whose property abuts,

is contiguous, or joins, at a border or boundary, as where no other land, road or street intervenes.    See also 1 Words and Phrases, page 50.    The term is well understood as having reference to a boundary, and it must be so understood here in the absence of any context to give it any other than its ordinary meaning.    Her complaint, being the unauthorized cutting of trees on the easterly side of the public road, though within the road limits, is not supported by proof, that the cutting was done without her consent as the owner of the premises on the opposite side of the road from the trees.    As she is not an abutting property owner within the meaning of the statute, it is not necessary to pass on the other alleged defects in the act of assembly as the defendants were rightly discharged, and the judgment of the court is affirmed.